Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Kelsey M. Schultz (SBN 301494)
kschultz@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., d/b/a "Michael Grecco Photography", a California corporation; HOWARD SCHATZ, an individual; and, WILLIAM COUPON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>REDBUBBLE, INC., a Delaware Corporation; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>1. **Copyright Infringement (17 U.S.C. § 106)**<br>2. **Vicarious Copyright Infringement**<br>3. **Contributory Copyright Infringement**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, Michael Grecco Productions, Inc., Howard Schatz, and William Coupon (collectively, "Plaintiffs"), by and through their undersigned attorneys, hereby pray to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff MICHAEL GRECCO PRODUCTIONS, INC., d/b/a "Michael Grecco Photography" ("Grecco"), is a California corporation organized and existing under the laws of the state of California with its principal place of business at 3103 17th Street, Santa Monica, California 90405. Plaintiff's principal, Michael Grecco, is an award-winning commercial photographer noted for his iconic celebrity portraits, magazine covers, editorial images, and advertising spreads.

5. Plaintiff HOWARD SCHATZ ("Schatz") is an individual currently residing in New York, New York. Schatz is a renowned professional photographer whose work has been exhibited in museums and galleries around the world and has received numerous awards and accolades for his photography.

6. Plaintiff WILLIAM COUPON ("Coupon") is an individual currently residing in Santa Fe, New Mexico. Coupon is an internationally acclaimed professional photographer whose work has been featured in renowned publications such as Time Magazine, The New York Times, The Los Angeles Times, People Magazine, the Economist, and many more.

7. Plaintiffs are informed and believe and thereon allege that Defendant REDBUBBLE, INC., ("Redbubble"), is a Delaware corporation with its principal place of business located at 111 Sutter St, 17th Floor, San Francisco, CA 94104.

8. Defendants Does 1 through 10, inclusive, are other parties who have infringed Plaintiffs' copyright, have contributed to the infringement of Plaintiffs' copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiffs' rights and the damages proximately caused thereby.

## **CLAIMS RELATED TO THE GRECCO PHOTOGRAPHS**

10. Grecco owns the original photographs depicted in **Exhibit A** attached hereto (the "Grecco Photographs") that were registered with the United States Copyright Office at the Registration Numbers listed in **Exhibit A**. Grecco is the sole owner of the exclusive rights to the Grecco Photographs.

11. Grecco is informed and believes and thereon alleges that following its publication and display of the Grecco Photographs, Redbubble, Doe Defendants, and each them, reproduced and otherwise exploited the Grecco Photographs without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, offering for sale numerous commercial products bearing, in whole or in

part, the Grecco Photographs at websites such as www.redbubble.com.

12. Images of the Grecco Photographs and screen captures depicting non-inclusive exemplars of Defendants' infringing uses are set forth in **Exhibit A** attached hereto.

## CLAIMS RELATED TO THE COUPON PHOTOGRAPHS

13. Coupon owns the original photographs depicted in **Exhibit B** attached hereto (the "Coupon Photographs") that were registered with the United States Copyright Office at Registration Number VAu001187793, effective as of October 10, 2014. Coupon is the sole owner of the exclusive rights to the Coupon Photographs.

14. Coupon is informed and believes and thereon alleges that following his publication and display of the Coupon Photographs, Redbubble, Doe Defendants, and each them, reproduced and otherwise exploited the Coupon Photographs without Plaintiff's authorization or consent for commercial purposes in various ways, including, but not limited to, offering for sale numerous commercial products bearing, in whole or in part, the Coupon Photographs at websites such as www.redbubble.com.

15. Images of the Coupon Photographs and screen captures depicting non-inclusive exemplars of Defendants' infringing uses are set forth in **Exhibit B** attached hereto.

## CLAIMS RELATED TO THE SCHATZ PHOTOGRAPHS

16. Schatz owns the original photographs depicted in **Exhibit C** attached hereto (the "Schatz Photographs") that were registered with the United States Copyright Office at Registration Numbers VA0002151639, effective as of September 18, 2018, and VAu001093993, effective as of December 20, 2011. Schatz is the owner of the exclusive rights to the Schatz Photographs.

17. Schatz is informed and believes and thereon alleges that following his publication and display of the Schatz Photographs, Redbubble, Doe Defendants, and each of them, reproduced and otherwise exploited the Schatz Photographs without

Schatz's authorization or consent for commercial purposes in various ways, including but not limited to, offering for sale numerous commercial products bearing, in whole or in part, the Schatz Photographs at websites such as www.redbubble.com.

18. Images of the Schatz Photographs and screen captures depicting non-inclusive exemplars of Defendants' infringing uses are set forth in **Exhibit C** attached hereto.

### FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

19. Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

20. Plaintiffs are informed and believes and thereon alleges that Defendants, and each of them, had access to the Grecco Photographs, Coupon Photographs, and Schatz Photographs (collectively, the "Subject Photographs"), including, without limitation, through their publication by Plaintiffs' clients, including numerous physical and digital publications, and through the unauthorized reproductions of the Subject Photographs by other third parties online. Access is further evidenced by Subject Photograph's identical or near identical reproduction in Defendants' infringing uses.

21. Plaintiffs are informed and believe and thereon alleges that Defendants, and each of them, used and displayed the Subject Photographs on websites including, but not limited to, *www.redbubble.com*.

22. Plaintiffs are informed and believe and thereon allege that the photographs used by Defendants, shown above, used the same elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the Subject Photographs and are identical or at least substantially similar to the Subject Photographs.

23. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, infringed Plaintiffs' copyrights by copying the Subject Photographs and publishing and displaying the Subject Photographs to the public, including without limitation, on www.redbubble.com, without Plaintiffs' authorization or consent.

24. Due to Defendants', and each of their, acts of infringement, Plaintiffs have suffered general and special damages in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Photographs. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photographs in an amount to be established at trial.

26. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiffs will make their election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Contributory Copyright Infringement – Against All Defendants, and Each)

27. Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

28. Plaintiffs allege on information and belief that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove.

29. Defendants knew or should have known that the sale of unauthorized reproductions of the Subject Photographs by affiliated and third-party distributors, including, but not limited to those operating on www.redbubble.com, directly infringed the copyrights in and to the Subject Photographs.

30. Defendants induced, caused, and materially contributed to the third-party distributors' direct infringement by, at a minimum, selling and distributing products bearing unauthorized reproductions of the Subject Photographs to their third-party distributors for further sale and distribution.

31. Defendants received substantial benefits in connection with their unauthorized reproduction and distribution of the Subject Photographs, including, but not limited to revenue received from the sale of products bearing unauthorized reproductions and derivatives of the Subject Photographs.

32. Plaintiff alleges that Defendants committed contributory copyright infringement with actual knowledge or reckless disregard of its rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

33. By reason of Defendants' acts of contributory infringement as alleged above, Plaintiffs have been damaged and have suffered damages in an amount to be established at trial.

34. Due to Defendants' acts of contributory copyright infringement as alleged herein, they have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Photographs. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of the Subject Photographs, in an amount to be established at trial.

35. Plaintiffs are informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants,

and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiffs will make its election between actual damages and statutory damages.

### THIRD CLAIM FOR RELIEF

(For Vicarious Copyright Infringement – Against All Defendants, and Each)

36. Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

37. Plaintiffs allege on information and belief that Defendants had the right and ability to supervise the infringing conduct of its affiliated and third-party distributors, by virtue of *inter alia* its contractual agreements with those distributors and had the right and ability to prevent the further distribution and sale of unauthorized reproductions of the Subject Photographs.

38. Defendants had a direct financial interest in the infringing activity because it received substantial benefits in connection with the unauthorized reproduction and distribution of the Subject Photographs for purposes of trade. Specifically, Defendants received revenue in connection with the sale of products bearing unauthorized reproductions and derivatives of the Subject Photographs, and was able to supervise the distribution, sale, and creation of said products.

39. Plaintiffs allege that Defendants committed vicarious copyright infringement with actual knowledge or reckless disregard of its rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

40. By reason of Defendants' acts of vicarious infringement as alleged above, Plaintiffs have been damaged and have suffered damages in an amount to be established at trial.

41. Due to Defendants' acts of vicarious copyright infringement as alleged herein, it has obtained direct and indirect profits it would not otherwise have realized but for its infringement of Plaintiffs' rights in the Subject Photographs. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to its infringement of the Subject Photographs, in an amount to be established at trial.

42. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiffs will make their elections between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment as follows:

### **Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiffs' copyright in the Subject Photographs, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photographs from their respective websites, catalogs, marketing and advertisement materials.

b. That Plaintiffs be awarded all profits of Defendants, and each of them, plus all losses of Plaintiffs, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available,

statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiffs' intellectual property rights;

d. That Plaintiffs be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Plaintiffs be awarded its costs and fees under the statutes set forth above;

f. That Plaintiffs be awarded statutory damages and/or penalties under the statues set forth above;

g. That Plaintiffs be awarded pre-judgment interest as allowed by law;

h. That Plaintiffs be awarded the costs of this action; and

i. That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

Plaintiffs demand a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: March 31, 2022            By: */s/ Stephen M. Doniger*
                                 Stephen M. Doniger, Esq.
                                 Kelsey M. Schultz, Esq.
                                 DONIGER / BURROUGHS
                                 Attorneys for Plaintiffs